IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, #27600, ) | C/A NO. 8:08-251-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Sgt. Leon Davis; Sgt. Joyce Perry; ) | |
| Officer Hallback [sic]; Mr. Thierry Nettles; ) | |
| IGC Jean Randal [sic]; Lt. Kevin Williams; ) | |
| HCA Joseph Powell; Lt. Daryl King; and ) | |
| Director Jon Ozmint, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2009, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted in part and denied in part. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. This court gave the parties until February 20, 2009 to file objections. Plaintiff filed objections to the Report on February 4, 2009; Defendants filed objections on February 20, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court declines to adopt the recommendation of the Magistrate Judge and grants summary judgment to all Defendants.

The Report notes that this matter hinges upon what occurred when Defendant Nurse Joseph Powell (Powell) examined Plaintiff. *See* Report at 8 (Dkt. # 56, filed Jan. 23, 2009). Powell was called by correctional officers to examine Plaintiff to determine whether he could be transported to a court hearing with his hands restrained behind him. The parties' version of events diverge in that Plaintiff contends he protested mightily when Powell removed Plaintiff's arm sling and manipulated Plaintiff's arm. Indeed, Plaintiff contends he was "yelling in pain and begging [Powell] to stop." Compl. at 3 (Dkt. # 1, filed Jan. 29, 2008). Powell avers that Plaintiff did not protest upon being examined.

However, even if Plaintiff was yelling and "begging [Powell] to stop," there is no disagreement that after completion of the examination, Powell told the officers that Plaintiff could be transported with his hands restrained behind him. Therefore, officers' subsequent actions were based on their reasonable belief that Plaintiff was disobeying a valid order to turn and be handcuffed, and these officers are entitled to qualified immunity based upon their good faith reliance on Powell's assessment.

**OTHER DEFENDANTS**

**RANDAL**

The court disagrees with the Report's determination that Plaintiff is not attempting to assert a due process violation against Defendant Jean Randal [sic], as he clearly states such on page six of his complaint. However, a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (stating that Constitution creates no entitlement to voluntarily established grievance procedure); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (same). Therefore, Plaintiff's allegations that Randal somehow failed to comply with the prison's voluntary grievance procedures does not state a due process claim. Accordingly, Defendant Randal's motion for summary judgment is **granted**.

**POWELL**

Plaintiff's allegations as to Defendant Powell do not make out a constitutional violation. Despite finding that "deliberate indifference to serious medical needs" was unconstitutional in *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of

3

*Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, supra; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). Therefore, Defendant Powell is entitled to summary judgment and is dismissed from this matter with prejudice.

### OZMINT

Plaintiff's allegations relating to Defendant Ozmint do not survive Defendants' motion for summary judgment. Plaintiff has made no showing beyond conclusory allegations that this Defendant "participated" in this incident. Therefore, Defendant Ozmint is entitled to summary judgment and is dismissed from this matter with prejudice.

### CONCLUSION

For these reasons, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 24, 2009